[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION FOR CONTEMPT #182 (DATED OCTOBER 31, 1990)
A decree of dissolution was entered in this matter on February 5, 1988. A separation agreement entered into between the parties was approved, ordered and incorporated by reference into the file.
On March 4, 1990, the defendant was enjoined from using or CT Page 508 requesting monies from the four childrens' trust funds without a prior order of the court (Ryan, J.).
On June 4, 1990 a stipulation was approved by the court allowing educational expenses to continue to be paid by the childrens' trust funds. Article V of the Separation Agreement specifically provides for the use of trust funds for educational expenses.
The attorney for the minor children filed a Motion for Contempt (dated October 31, 1990) alleging that between March 20, 1990 and June 4, 1990 the total sum of $5,850.15 was expended from the children's trust funds without prior court order. The motion further alleged that between June 4, 1990 and September 13, 1990 the total sum of $3,429.46 was expended for non-educational purposes from the children's trust funds without a prior court order.
At a hearing held on the Motion for Contempt, the defendant denied that he had submitted any bills to the trust fund for payment. The defendant testified that he had submitted certain bills to his father (the paternal grandfather of the children) for financial assistance. The defendant claims he was unaware that his father had submitted the bills to the Trustee for payment. In addition, the defendant was reimbursed from the trust fund for certain bills he had paid during this period.
The defendant testified his father had deposited money into the trust fund and then had the trustee pay these bills out of these trust funds. The defendant overlooks that once funds are deposited into the trust fund, these funds become part of the trust corpus, and the donor has relinquished control to the trustee.
The defendant receives regular statements from the trustee and a review of these statements indicates that the bills were paid from trust funds.
It would appear that the defendant attempted to circumvent the order of Judge Ryan by continuing to allow his father to process children expenses, and the defendant's obligation, through the children's trust funds. The defendant is attempting to shift his duty of support onto the shoulders of the very children whom he is obligated to support.
The court finds that it is not in the best interests of the children to have an expenditure of their trust funds to pay for items which are the obligation of the defendant as set forth in the Separation Agreement. CT Page 509
Certainly, extraordinary unreimbursed medical expenses, taxes and accountant's fees might be considered as appropriate expenditures for the benefit of the children in looking at the broad and liberal provisions of the trust instrument.
However, no place in the Separation Agreement is there authorization that allows the defendant to request trust funds to pay for the defendant's vacations with the children, driving lessons and similar such expenditures.
The court is not unmindful of the broad and liberal wording contained in the trust instrument which may very well provide for extras for the children in addition to providing for their educational expenses. However, the Separation agreement does not shift the primary obligation for support away from the defendant and onto the trust funds of the children, nor does the trust instrument purport to relieve the defendant of his primary obligation for support.
A guardian ad litem is necessary to protect the interests of the minor children in this matter.
No where in the Separation Agreement is the defendant prohibited from requesting the trustee to provide funds for the benefit of the minor children. The trust instrument itself authorizes the trustee in his sole discretion to distribute such amounts as are necessary to provide liberally for the "health, welfare and education of such beneficiary." This court does not intend to revise or change the very purposes for which the trusts were created.
However, the court does not take the trust language to be a blanket provision to relieve the defendant from the primary duty and obligation of support that the defendant undertook in the Separation Agreement on behalf of his four minor children. This would not be in the best interests of the minor children.
The defendant is financially able to comply with the outstanding orders of support for the minor children and should not shift his duty of support onto the shoulders of the very children whom he is obligated to support. Such is not in the best interests of the minor children.
The following orders shall enter:
1. The defendant shall reimburse the trust accounts for all non-educational expenses paid by the Trustee between March 20, 1990 and September 13, 1990, except for federal taxes, accountant's fees and unreimbursed medical and dental expenses. CT Page 510
2. Attorney Cynthia George, 10 Stamford Forum, Stamford, Connecticut is appointed as Guardian ad litem for the four minor children to protect the interests of the four minor children in this matter.
3. The defendant shall provide the Guardian at litem with quarterly trust fund printouts for each of the minor children's trusts.
COPPETO, J.